**Electronically Filed
Intermediate Court of Appeals
28566
12-AUG-2011
08:02 AM**

NO. 28566

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JEAN PRANDINI, Plaintiff-Appellant,
v.
AOAO HALEAKALA SHORES, an unincorporated
association of condominium homeowners, and
MANAGEMENT CONSULTANTS OF HAWAII, INC.,
a domestic profit corporation,
Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CV. NO. 06-1-0109(3))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Ginoza, JJ.)

Plaintiff-Appellant Jean Prandini (Prandini) appeals
from the Final Judgment entered by the Circuit Court of the
Second Circuit (Circuit Court)[1] in favor of Defendants-Appellees
AOAO Haleakala Shores (the Association), an unincorporated
association of condominium homeowners, and Management Consultants
of Hawaii, Inc. (MCH) (collectively, the "Defendants"). The
Final Judgment was based on the Circuit Court's "Order Granting
Defendants' Motion for Summary Judgment and for Award of
Attorneys' Fees and Costs." The Final Judgment entered judgment
in favor of Defendants and against Prandini on all counts of
Prandini's complaint and ordered Prandini to pay Defendants

---

[1] The Honorable Joseph E. Cardoza presided.

$22,790.42 in attorney's fees and costs, plus post-judgment interest.

I.

A.

Prandini was an owner and resident of an apartment unit in the Haleakala Shores condominium project (Haleakala Shores Condominium). The Haleakala Shores Condominium was managed by the Association and MCH. Prandini placed a political sign in the window of her unit. When Prandini refused to remove the sign, the Association fined her $25 for violating a section of the Association's Bylaws that prohibited the posting of signs in or on the project without the Association's approval.

Prandini had enrolled in an automatic payment service offered by MCH, which authorized MCH to withdraw amounts Prandini owed to the Association for maintenance fees and her electricity bill from Prandini's checking account. Without Prandini's authorization, MCH withdrew $25 from Prandini's checking account for the fine, along with authorized amounts for Prandini's monthly maintenance fees and electricity bill. One month later, Prandini wrote to MCH requesting that MCH reverse the $25 charge and cancel her participation in the automatic payment service. MCH cancelled Prandini's participation in the automatic payment service, but did not reverse the $25 charge. Two months after the unauthorized $25 withdrawal, Prandini withheld $25 from her monthly payment to the Association for her maintenance fees and electricity bill.

B.

Prandini filed a complaint in Circuit Court against the Defendants, alleging causes of action for conversion and trover (Count 1); trespass to chattel (Count 2); deceptive and unfair trade practice (Count 3); interference with business relations (Count 4); and declaratory relief (Count 5). In Counts 1 through 4, Prandini sought the recovery of the $25 that had been withdrawn from her checking account and additional statutory and punitive damages relating to the withdrawal. In Count 5,

2

Prandini sought a declaratory order that the Haleakala Shores Condominium's Restated Declaration and Bylaws permit a "homeowner to decorate the interior portion of the apartment which is not a common element in whatever manner he or she so chooses, including artistic or political posters."

Defendants filed a motion for summary judgment and for an award of attorneys' fees and costs. In connection with their summary judgment motion, Defendants submitted affidavits asserting that the deduction of the $25 fine from Prandini's checking account was an unintentional mistake due to a clerical error by an MCH employee; that the Association had not directed MCH to deduct the $25 fine from Prandini's account; and that the $25 fine amount was returned to Prandini through her withholding of $25 from her monthly maintenance fees. Prandini did not present evidence rebutting these assertions in her opposition to Defendants' motion.

The Circuit Court issued its "Order Granting Defendants' Motion for Summary Judgment and for Award of Attorneys' Fees and Costs" (Order). The Order granted summary judgment in favor of Defendants on all counts of the complaint. The Order also awarded Defendants $22,790.42 in attorneys' fees and costs. In support of this award, the Circuit Court determined that (1) Counts 1 through 4 of the complaint were frivolous, and thus Defendants were entitled to reimbursement of their reasonable attorneys' fees and costs pursuant Hawaii Revised Statutes (HRS) § 607-14.5 (Supp. 2010) and (2) Defendants were entitled to reimbursement of reasonable attorneys' fees and costs in defending against Count 5 pursuant to HRS § 514A-94(b) (Supp. 2005). The Circuit Court entered its Final Judgment on May 18, 2007.

II.

On appeal, Prandini argues that the Circuit Court erred in: (1) granting the Defendants' motion for summary judgment with respect to Counts 1, 2, 3, and 5; and (2) determining that Counts 1 through 4 were frivolous and awarding attorneys' fees and costs

on that basis.  As explained below, we affirm the Circuit Court's grant of summary judgment but vacate the award of attorneys' fees and costs with respect to Counts 1 through 4.

A.

The evidence presented in connection with Defendants' motion for summary judgement established that there was no genuine issue of material fact that (1) MCH's withdrawal of the $25 from Prandini's account to pay the fine had been the result of an inadvertent clerical error; and (2) the $25 fine amount had been returned to Prandini through her subsequent withholding of $25 from her monthly maintenance fees.  See Hawai'i Rules of Civil Procedure Rule 56(e) (2000).  Based on these unrebutted facts, we conclude that the Circuit Court properly granted summary judgment in favor of Defendants on Prandini's claims for conversion and trover in Count 1 and for trespass to chattel in Count 2.  See Brooks v. Dana Nance & Co., 113 Hawai'i 406, 415, 153 P.3d 1091, 1100 (2007); Restatement (Second) of Torts § 217 (1965).

There was no genuine issue of material fact that MCH did not advertise that the automatic payment service would be mistake free and that the mistaken withdrawal of $25 from Prandini's account had been an isolated clerical error.  We agree with the Circuit Court's ruling that the isolated clerical error did not constitute a "practice," and we conclude that the Circuit Court properly granted summary judgment on Prandini's claim for deceptive and unfair trade practice in Count 3.

There was no genuine issue of material fact that Prandini failed to obtain the Association's approval to place the political sign in her window.  We conclude that Prandini's placement of the sign in her window violated the Association's Bylaws.  Accordingly, the Circuit Court properly granted summary judgment on Prandini's claim for declaratory relief in Count 5.

B.

The Circuit Court awarded Defendants their attorneys' fees and costs for defending against Counts 1 through 4 on the

4

ground that those counts were frivolous. The Circuit Court's award was pursuant to HRS § 607-14.5, which authorizes a court to assess attorneys' fees and costs against a party where the claims made by the party "are frivolous and are not reasonably supported by the facts and the law in the civil action." In this context, "[a] frivolous claim has been defined as a 'claim so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required.'" Canalez v. Bob's Appliance Service Center, Inc., 89 Hawaiʻi 292, 300, 972 P.2d 295, 303 (1999) (citation omitted).

Prandini argues that the Circuit Court abused its discretion in determining that Counts 1 through 4 were frivolous and awarding attorney's fees and costs to Defendants on that basis. We agree.

The Circuit Court's grant of summary judgment on Counts 1 through 4 was based in large part on its determination that the unauthorized withdrawal of $25 from Prandini's checking account to pay the fine had been the result of an isolated, inadvertent clerical error. However, Defendants did not show that Prandini was apprised of the evidence that the withdrawal from her account had been due to an isolated, inadvertent clerical error before she filed her complaint. It appears that the first time this evidence was presented to Prandini was in the affidavits that Defendants submitted in support of their motion for summary judgment. Under the circumstances of this case, we conclude that the Circuit Court abused its discretion in awarding attorneys' fees and costs pursuant to HRS § 607-14.5 because Prandini's claims in Counts 1 through 4 were not "so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required." See Canalez, 89 Hawaiʻi at 300, 972 P.2d 295 at 303.

In awarding Defendants a total of $22,790.42 in attorneys' fees and costs, the Circuit Court did not distinguish between the amounts awarded with respect to Counts 1 through 4, pursuant to HRS § 607-14.5, and the amount awarded with respect

5

to Count 5, pursuant to HRS § 514A-94(b). Prandini did not challenge the award of attorneys' fees and costs with respect to Count 5 on appeal. We vacate the Circuit Court's award of attorneys' fees and costs and remand the case with instructions that the Circuit Court limit its award of attorneys' fees and costs to those incurred by Defendants with respect to Count 5.

III.

We vacate the portion of the Final Judgment that awards attorneys' fees and costs to Defendants, and we remand the case with instructions that the Circuit Court limit its award of attorneys' fees and costs to those incurred by Defendants with respect to Count 5. We affirm the Final Judgment in all other respects.

DATED: Honolulu, Hawai'i, August 12, 2011.

On the briefs:

Lance D. Collins
Linda J. Nye
for Plaintiff-Appellant

Chief Judge

John D. Zalewski
Mark G. Valencia
Malia S. Lee
(Case Lombardi & Pettit)
for Defendants-Appellees

Associate Judge

Associate Judge